STATE OF MAINE
LINCOLN, ss

SUPERIOR COURT
DOCKET NO.: CV-16-12

IN RE:

P. THAYER

* 
* **ORDER TO TRANSFER**
* **PAYMENT RIGHTS**
*

**AND NOW**, this ___ day of May, 2016, upon consideration of the unopposed

Petition of J.G. Wentworth Originations, LLC ("Wentworth" or "Transferee"), it is hereby

**ORDERED, ADJUDGED,** and **DECREED**, as follows:

1.     The transfer of the structured settlement payment benefits by P. Thayer ("Mr.

Thayer") to Wentworth pursuant to a Structured Settlement Payment Purchase

Agreement dated March 14, 2016 (the "Transfer Agreement"), as amended,

complies with the requirements of 24-A M.R.S. § 2243(2) and does not

contravene other applicable law including any applicable federal or state statute or

the order of any court or responsible administrative authority.

2.     Not less than ten days prior to the date on which Mr. Thayer first incurred any

obligation with respect to the transfer, Wentworth provided to Mr. Thayer a

disclosure statement in bold type, no smaller than 14 points, setting forth:

(1)     The amounts due and due dates of the structured settlement payments to
be transferred;

(2)     The aggregate amount of those payments;

(3)     The discounted present value of those payments together with the discount
rate used in determining that discounted present value;

(4)     The gross amount payable to Mr. Thayer in exchange for the payments;

(5)     An itemized listing of all brokers' commissions, service charges,
application fees, processing fees, closing costs, filing fees, administrative
fees, legal fees, notary fees and other commissions, fees, costs, expenses
and charges payable by Mr. Thayer or deductible from the gross amount
otherwise payable to Mr. Thayer;

- 8 -

(6) The net amount payable to Mr. Thayer after deduction of all commissions, fees, costs, expenses and charge described in subparagraph (5);

(7) The quotient, expressed as a percentage, obtained by dividing the net payment amount by the discounted present value of the payments; and

(8) The amount of any penalty and the aggregate amount of any liquidated damages, inclusive of penalties, payable by Mr. Thayer in the event of any breach of the Transfer Agreement by Mr. Thayer.

3. The transfer is necessary to enable Mr. Thayer to avoid imminent financial hardship, the transfer is not expected to subject Mr. Thayer to undue financial hardship in the future, and the transfer is in the best interest of Mr. Thayer taking into account the welfare and support of Mr. Thayer's dependents.

4. Mr. Thayer has received independent professional advice regarding the legal, tax and financial implications of the transfer.

5. Signed original of approvals by interested parties, as defined in 24-A M.R.S.A. §2241, and required under 24-A M.R.S.A. §2243(2)(E) have been filed with the Court and copies have been provided to all interested parties.

6. The Transfer Agreement does not have adverse tax consequences to the Structured Settlement Obligor or Annuity Issuer.

7. Wentworth has given written notice of its name, address, and taxpayer identification number to the Annuity Issuer, Liberty Life Assurance Company of Boston ("Liberty Life") and the Structured Settlement Obligor, Liberty Assignment Corporation ("Liberty Assignment"), and has filed a copy of that notice with its Motion.

- 9 -

Based upon the foregoing finding, IT IS HEREBY ORDERED that the Motion is GRANTED: and

IT IS FURTHER ORDERED that the transfer of structured settlement payment benefits by Mr. Thayer to Wentworth as described in the Transfer Agreement, to wit, **One lump sum payment of $10,000.00 due on July 23, 2027 and One lump sum payment of $28,500.00 due on July 23, 2032 ("Assigned Payments")**, is hereby APPROVED; and

However, Liberty Assignment and Liberty Life shall have no obligation to remit any Assigned Payments to Wentworth that come due and are payable to Mr. Thayer prior to entry and receipt by Liberty Assignment and Liberty Life of the court approved Order. Liberty Assignment and Liberty Life will commence payment to Wentworth of the Assigned Payments that come due and are payable following entry and receipt by Liberty Assignment and Liberty Life of the court-approved Order.

IT IS FURTHER ORDERED that the Liberty Assignment and Liberty Life shall make the Assigned Payments directly to Wentworth at the following address:

**J.G. Wentworth Originations, LLC**
**P.O. Box 83364**
**Woburn, MA 01813-3364**

IT IS FURTHER ORDERED that the death of Mr. Thayer prior to the due date of the Assigned Payments shall not affect the transfer of the Assigned Payments from Mr. Thayer to Wentworth and Mr. Thayer understands he is giving up his rights and the rights of his heirs, successors and or beneficiaries to the Assigned Payments.

IT IS FURTHER ORDERED that Wentworth is hereby required to indemnify Liberty Assignment and Liberty Life for any liability, including reasonable costs and attorney's fees,

which arises from compliance by Liberty Assignment and Liberty Life with this Order of the above Court.

IT IS FURTHER ORDERED that this Order is entered without prejudice to the rights of Liberty Assignment and Liberty Life and the Court makes no finding regarding the enforceability of any non-assignment provision(s) contained in the original Settlement Agreement or related documents.

IT IS FURTHER ORDERED that this Order in no way modifies or negates the ownership or control of the underlying annuity contract by Liberty Assignment.

At the direction of the Court, this Order shall be incorporated into the docket by reference pursuant to M.R.Civ.P. Rule 79(a).

DONE AND ORDERED on this the 2nd day of May, 2016.

JUSTICE, SUPERIOR COURT

- 11 -